UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHARLES RANDALL :
:
v. : C.A. No. 13-652ML
:
A.T. WALL, et al. :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

On September 24, 2013, Charles Randall filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Document No. 1). On January 16, 2014, Respondent, State of Rhode Island, filed a Motion to Dismiss the Petition as unexhausted. (Document No. 5). Petitioner objected to the Motion to Dismiss. (Document No. 6). On January 31, 2014, this matter was referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. The Court has determined that no hearing is necessary. After reviewing the Motion and the Petition, I recommend that the Motion to Dismiss (Document No. 5) be GRANTED and that the Petition (Document No. 1) be DISMISSED.

**Facts**

The following background can reasonably be gleaned from Randall's submissions and the Supreme Court's decision in State v. Randall, 37 A.3d 111 (R.I. 2011). Randall has prior state convictions for second-degree sexual assault and breaking and entering. After serving jail time on those convictions, Randall was placed on probation and was subject to a period of suspended sentence in both cases. In April 2008, Randall was presented as a probation violator in State Superior Court. After refusing to accept court-appointed counsel, Randall represented himself during a violation hearing before a Superior Court Magistrate and was declared to be a violator on

December 4, 2008. He was sentenced to concurrently serve the remaining seven years suspended on the second-degree sexual assault conviction and the eight years suspended on the breaking and entering conviction. On January 16, 2009, Randall appealed to the Rhode Island Supreme Court. On December 2, 2011, the Supreme Court held that the record did not sufficiently establish that Randall knowingly and intelligently waived his right to counsel before the Magistrate and vacated the violation finding. State v. Randall, 37 A.3d 111, 114 (R.I. 2011). The Supreme Court did not address Randall's alternative argument regarding the sufficiency of the evidence and remanded the case to Superior Court. Id. On April 25, 2012, a Superior Court Magistrate on remand again found Randall to have violated his probation and imposed sentence. On August 8, 2012 Randall was again presented as a violator for failing to comply with sex offender registration requirements and the Superior Court executed four years of his suspended sentence on January 22, 2013. Then, on October 31, 2012, the State filed an Information charging Randall with failing to notify the police of an address change. The October 31, 2012 criminal charges are pending in the Rhode Island Superior Court.

**Discussion**

This is the third unexhausted habeas corpus petition filed by Petitioner in this Court. Randall's two earlier Petitions were dismissed as unexhausted pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254. See Randall v. Wall, Case No. 1:10-cv-00052-ML (D.R.I. Feb. 5, 2010) and Randall v. Wall, Case No. 1:12-cv-00489-ML (D.R.I. July 3, 2012).

While his previous two Petitions were dismissed sua sponte, in the present case, the State was ordered to respond to the Motion and filed its Motion to Dismiss. In this case, Petitioner

cannot, and does not, dispute that his claims are technically unexhausted. For example, Petitioner states that this Complaint "stems from the States [sic] violation of petitioners present appeal status & procedures presently pending at bar before the State Supreme Court..." (Document No. 1-7 at 1). Petitioner also argues that, "[a]s it stands now the Court Clerk in both the Supreme Court and Superior Court refuse, denied or are under orders to provide no information on the status of my appeal pending before these two Courts so I'm asking this Honorable Court for some kind of assistance...." (Document No. 1-7 at 4-5). In addition to acknowledging that his case remains unresolved in the Rhode Island State Courts and seeking this Court's "assistance," he also apparently seeks to have the entire state criminal prosecution transferred to this Court. He argues, "[i]f the State Courts are infringing my appealable rights could I then pass to this Honorable Court to litigate those rights?" (Document No. 1-7 at 5). "So this my reason for a transfer of my case to this Court as my U.S. Constitutional right of redress are being fettered and denied." (Document No. 1 at 2).

Petitioner's argument that this Court should assume jurisdiction over his pending Rhode Island State Court matters is unconvincing. Both the State and Petitioner confirm that there are pending matters in the Rhode Island state courts. Because there is a pending appeal, this Court cannot presently consider the merits of the Petition. Petitioner's failure to exhaust all of his State Court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) is fatal to the present Petition. See 28 U.S.C. § 2254(b)(1)(A) ("[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State...."). His Petition is unexhausted and thus must be dismissed.

Although these procedural deficiencies alone are sufficient grounds to dismiss the case, the substance of the requests made in Randall's Petition provide additional reasons that the Petition be dismissed. At this stage, the relief requested is simply not available. In keeping with a "fundamental policy" of the federal courts, this Court will not interfere with ongoing criminal proceedings in state court. See Younger v. Harris, 401 U.S. 37, 44 (1971) (policy prohibiting federal court from enjoining pending state court proceedings is premised on "proper respect of state functions..."). The First Circuit Court of Appeals has noted that, "[t]he applicability of comity and abstention principles to habeas proceedings is amply demonstrated by the courts' treatment of habeas petitions brought prior to conviction in the state proceedings. With only two exceptions to date, the federal courts have routinely rejected petitions for pretrial habeas relief raising any variety of claims and issues." In re Justices of Superior Court Dep't of Massachusetts Trial Court, 218 F.3d 11, 17 -18 (1st Cir. 2000). In the present case, Randall has not provided the Court with any compelling reason to ignore the established and principled doctrines of abstention and comity and to take the extraordinary step of intervening in an ongoing state criminal prosecution. Accordingly, on the basis of Younger, the Court further recommends that the Petition be dismissed in its entirety.

In making this recommendation, this Court has taken all of the allegations in Randall's Petition as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Petitioner's allegations and legal claims since they have been put forth by a pro se litigant. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review, Randall's Petition fails to demonstrate any plausible entitlement to habeas relief at this juncture.

**Conclusion**

For the reasons stated, I recommend that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Document No. 1) be DISMISSED because it is unexhausted.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 24, 2014